First case is 4-14-0176, People v. Kevin Pettis, and for the appellant is Kathy Shepard. For the appellee is it Mr. Wessel? Yes. Mr. Joel Wessel appears. Ms. Shepard? Ms. Shepard? May it please the court. Counsel? The state is appealing the trial court's order granting defendants motions to suppress evidence of gun, which was found in his apartment on execution of a search warrant. Defendant filed two motions to suppress. In one, he asked for a Franks hearing. The trial court found the warrant was not supported by probable cause and then held a Leon hearing and found that the Leon good-faith exception did not apply. The state's argument is that the warrant was supported by probable cause and that the trial court erred in finding that the Leon good-faith exception did not apply. As to a third issue raised by defendant, this court clearly has jurisdiction to consider the state's arguments regarding Franks. Judge Ladd found suppression was required under the exception to the Leon good-faith exception for when a judge in issuing a warrant was misled by information in an affidavit that the appliant knew was false or would have known was false, except for his reckless disregard. Well, counsel, this is my question. Isn't it correct that Judge Ladd specifically said that no, we're not going to have a Franks hearing, we need a Leon hearing based on my finding with respect to the search warrant for the apartment? That's correct, but the state's argument is that as this court held in Bryant, if there's probable cause, Leon doesn't come into play. So our argument is that the court should have found that there was probable cause and then held that defendant should have had to meet his burden of even establishing that he was even entitled to a Franks hearing. And so should we, let's say that we find that there was probable cause, which would be reversing what Judge Ladd found, are you saying that then we should go forward and rule on the Franks issue or should we send it back to the trial court for that? In Bryant, this court found that there, reversed the trial court's hearing that there was no probable cause and found that there was probable cause, then went on and said that defendant, this court itself found that defendant didn't establish entitlement to a Franks hearing. And so the court went on and affirmed on those grounds, but also in Bryant, this court went on and did consider whether there was bad faith. Now in Bryant, did we have a situation where the court failed to rule on the Franks issue? Yes, the court in Bryant initially started out with a Franks hearing and then aborted that hearing and went on to hold a Leon hearing. So there was at least some portion? Yes. As a preliminary matter, in terms of probable cause, I just would like to talk about what was considered by the judge who issued the search warrants. There was a search warrant for the vehicle, a search warrant for the residence, affidavits supporting both. Both were considered apparently at the same time by the judge. And first question is, is it necessary in order to find probable cause that we consider the affidavit supporting the complaint for search warrant for the vehicle? And if so, is there case law that supports considering evidentiary support for one affidavit in one request for a search warrant in considering another? Your Honor, we would argue that the case law that does support considering both is the case law that says you look at what the judge who issued the warrant, the facts that were before the judge who issued the warrant. And it's a different situation if you've got totally different investigations or totally different separate offenses. Here it was all together and all the facts in both warrants were presented at the same time to the judge. And clearly the judge, Judge Clouse, did consider both warrants or both affidavits in issuing both warrants. He issued them at the same time. Judge Lee, the record shows that everything was presented to him at the same time. So we would be relying on the case law that says you look at what the facts that were presented to the issuing judge. And there isn't any case law that the state is aware of that says you shouldn't do that. I think in the trial court there was some discussion of bootstrapping, but that has to do with finding a probable cause as to the issuing judge. And as to whether or not the apartment affidavit had enough for the judge to issue the warrant for the apartment alone based on what was in the apartment affidavit, we would argue that there was enough there, but it's certainly strengthened by what was in the Tahoe affidavit. And even if, of course, there wasn't probable cause, then we would argue that the Leon exception does apply and that the court was wrong in finding that it didn't. Counsel, would you talk a little bit about the issue that Judge Ladd had? I think the primary issue was there was allegedly no nexus between the apartment and the defendant and the offense. Could you explain your position on that? Your Honor, we would say that the cases, McCarty, Bryant, we talk about a totality of the circumstances and that McCoy and other cases refer to a nexus. We would argue that that narrows and skews the analysis beyond what the Supreme Court has said, U.S. Supreme Court and our Supreme Court has said is the test. You look at the totality, common sense, you look at everything that was presented to the judge. You start looking at the nexus that can narrow the analysis too much. So the state would like to clarify also as to the Franks and Leon standards. I had argued in my brief that they were essentially the same. They are substantively essentially the same. I was arguing that because the issue is whether or not we look at Franks or Leon and I was trying to say that those findings we can consider either way. But the important thing is whether or not, of course, it was probable cause. If there was, then we don't reach Leon and at most we look at Franks and under Bryant we say trial court should have held him to his burden and this court can find that he was not entitled to a Franks hearing. Would we be depriving the defendant of presenting some evidence if we go forward on the Franks issue if we find that there was probable cause? Well this court did that in Bryant so we would say that's all right. And of course the trial court did go into those issues which under our argument about the similarity of the standards was basically the same question. We'd like to clarify though that of course Leon applies only when the warrant is unsupported by probable cause and Leon, the exception that was at issue here for false statements that were made knowing by an affiant who knew that they were false or would have known they were false except for reckless disregard of the truth, that Leon exception, the good faith exception, does not contain the Franks requirement that with the false material set to one side the affidavit's remaining content is insufficient to establish probable cause. I referred to that in my brief as being relevant and I want to clarify that that's only for Franks and it's really not relevant. And so counsel you've cited Bryant for the proposition that we can move forward on the Franks issue. Are you aware of any I mean Bryant certainly doesn't stand for that proposition would you agree? I think that Bryant would stand for the proposition. It clearly as you know holds that if you find that if there's probable cause you don't. There's no Leon hearing right. But then Franks still applies if the defendant can establish he's entitled to a Franks hearing and this court in Leon or in Bryant did say that got it here but the court did hold at let's see right after finding that it was clear error for the judge to have granted a defendant's request for a Franks hearing and then of course the court went on and changed that into a Leon hearing. But the court right after that this court said that it the there was no entitlement to a Franks hearing and then it went on and and did address the bad faith findings. So we're arguing that you can find probable cause then find that he was not entitled to a Franks hearing and then if you want to address the specific bad faith findings that were made by Judge Ladd can do that. It's not necessary and of course if you find that there's a probable cause we would ask that you do that in finding that there was good faith and the judge was wrong in finding this bad faith. So as we argued in our brief there was probable cause looking at both affidavits the facts that were before Judge Claus and there's no one factor that is determinative of course it's the totality of the circumstances but here the short period of time between defendants committing the shooting and his being located in the apartment complex. Choose your words carefully. Exactly, exactly. And then his being apprehended just a half a block away and without the gun it all of those facts clearly could lead a reasonable person to find that he hid his gun in his apartment and there are cases that we would admit without a heck of a lot of analysis older cases say well it's it's reasonable to assume that if somebody commits an offense with a gun that they will hide it in their residence. The defendant would say distilled to assessments here that what you have is the affidavit showing that defendant may have committed a crime was located in an area near his residence and that that is sufficient to justify the issuance of the search warrant for the residence and wouldn't that really be watering down the standard the probable cause? I would certainly argue not. The judge I'm not sure if your honor is referring to Judge Ladd saying that well you know somebody just calls in a report of someone committing a crime and then the defendant is found wandering around in the area of his residence is it enough that would be opening the door to impermissible searches of someone's home. Here again look at the totality and there's a short period of time between there's no doubt that he committed this offense or at least certainly more than a reasonable probability and Judge Ladd found that. They found his Tahoe at the apartment complex it had recently been driven he was found in the common area and then just a very short time after that he was found without the gun and it was this all occurred at like three in the morning so he wouldn't be expected to just be wandering around at that time and also it was more than just somebody calling in a report this was very strong evidence that he had committed this offense. The witness had seen him committed the officers who responded found a shell casing where she said he had fired the gun. So looking at all of that it would be enough and it was enough. So the nature of the criminal alleged criminal activity in association with the fact that police found him without the instrumentality involved in the activity of the gun in close proximity to his residence that takes it away from the generalization that I was that I led with which is any defendant who is alleged to have committed a crime and is located near his home can have his house searched. Here there's something missing and that being the gun that was allegedly involved in the criminal activity and within a short period of time when the criminal activity was reported. Exactly your honor yes and again the short period of time cuts down the number of places that the defendant would have been able to dispose of the gun or could have and it also I don't know to the extent we want to talk about McCoy. McCoy is kind of an outlier but that of course that case that the only case that Judge Ledd named and one that she heavily relied on finding that there were circumstances in McCoy that were present here. Of course that's not relevant because we look at the totality of the circumstances that were present in our case but also McCoy that offense was a possessory offense it was not it's kind of hard to explain McCoy because it seems to be relying on a lot of things that other cases have not. So we would we would argue that there clearly was probable cause and then as to issue two there were three statements that Judge Ledd found problematic and as we argued the two of them really I really like to focus on the most problematic one which was that Officer Leeds stated in the affidavit that officers advised the defendant may have been inside his apartment prior to their arrival and of course as the judge found that's a conclusory statement may have been inside his apartment and how would they know you know that he might have been there prior to their arrival we argued that Judge Clouse could not have really relied on that or put much weight on it and also that the part about defendant may have been inside his apartment prior to the officer's arrival the facts support that and that's clearly why there was probable cause to officers advised and as Officer Leeds testified nobody advised him of that. So that's what we have. We're arguing that since the facts show what the conclusion that the officers he stated the officers advised him of that that under Bryant again would support probable cause because if you're saying that there are other facts there are facts that would support what the officer said that is a supports finding that he wasn't lying and there's nothing in the record that shows that this was anything but a misstatement and it's not sufficient to for exclusion to find that the evidence should be excluded. The other statements I rely on our brief the testimony about the lights defendant argued in his brief that there was some conflict in the testimony on that and as we quoted the officer's testimony in our reply brief there was no conflict. Vosge did not testify contrary to defendant that he could not remember whether any lights were shining as Leed testified that was one of the things that he relied on in saying that that defendant may have been inside his apartment prior to the officer's arrival instead Vosge testified he could not recall whether any of the outside lights that were outside each apartment next to their apartment doors were on so there was no conflict there. Also Leed said that he relied on the proximity to his location officer Vosge said he was in the common area apartment five is basically right in the middle of the building which would be very close proximity to where he was seen and officer Vosge did testify that he saw a defendant in the common area pretty much right in front of what was later determined to be apartment five. So that statement is is not something that should have been relied upon for exclusion it doesn't even show that the officer had had lied or said anything that was false. At most it's a conclusory statement and it could not have misled Judge Klaus in issuing the warrant because it was it didn't really say much. As to the other two statements we rely on our brief about the inconsistency in the statements as to the license plate number there were only two digits that were off on that and just or officer Leed explained the discrepancy in the Tahoe affidavit which of he was trying to mislead the court. As to the located statement even Judge Ladd said that was not inaccurate, it wasn't false, it was a matter of semantics as the judge said. So for all those reasons we would ask that the court find that there was probable cause and find that defendant didn't establish entitlement to a Franks hearing and if you under Bryant and of course we would argue that there was no bad faith that the judge was wrong and if you find that there's no probable cause then we would argue that you should find that the Leon good faith exception. All right thank you Ms. Shepard. Mr. Wessel. May it please the court. I want to start off with argument three and the motion to strike. First in People v. Bryant which the state relies upon regarding the Franks if you go to 389 Illinois Appellate 3D at 530 it says in January 2006 Judge Fahey conducted a hearing on defendant's motion for a Franks hearing and I just want to go through the differences between the Leon hearing and a Franks motion. With a Leon hearing it is held automatically following a trial court's finding that there was a lack of probable cause. Its function is to determine whether or not exclusion is appropriate in order to deter future constitutional violations. That's precisely what happened here. Judge Ladd found that the warrant and affidavit did not have probable cause. She went to a Leon hearing. In contrast a Franks motion and hearing is a separate way of invalidating a search warrant. Franks is not held automatically unlike Leon. First trial counsel must file a Franks then the trial court determines whether or not that motion makes a showing. Then if the trial court determines it makes a showing it moves on to a Franks hearing. Here trial counsel put forward two motions. A motion to quash the warrant for lack of probable cause and a Franks motion. The record is clear that Judge Ladd only proceeded on the motion to quash the warrant. A Franks motion was not held. It was not the vehicle for suppression. This court does not have jurisdiction to decide this issue. The vehicle for suppression was the motion to quash the warrant. If this court does step in the trial court's shoes it would deprive Mr. Pettis of his due process rights. And this is only... Well counsel that's what I'm wondering about. What would be different? What would we be depriving your client of if we were to find probable cause but also rule on the Franks issue? Sure. They are as I mentioned before distinct legal processes. The motion hearing was not held. We don't know what defense counsel would have presented as evidence. We don't know if the defendant might have testified. We don't know what questions may have been asked. We don't Is that just a review of documentation or do you think that that's a situation where the defendant would have the right to call witnesses, put evidence on? I think that might be up to the trial court. We don't know what happened in this situation. The trial court only proceeded on and it's clear from the record that she only proceeded on the motion to quash the warrant. The Franks motion is outstanding in the trial court and this court cannot preemptively rule. It is the province of the trial court. Moving on to argument one. Judge Ladd correctly concluded that the issuing judge did not have a substantial basis to find probable cause. To determine probable cause there must be a sufficient nexus between the items to be seized, the offense, and the place to be searched. When there's no direct evidence, which is most often the case, reasonable inferences are used to create this nexus. In People v. Lyons, which this court decided, the court used the sufficient nexus framework in finding that there was a sufficient nexus when the defendant left his residence, went to a controlled buy where he sold drugs to a third party, and returned home to his house. There this court found a sufficient nexus and upheld the search warrant. In People v. McCoy, which is the case Judge Ladd relied upon, the court used several different facts to create the sufficient nexus. One, McCoy was seen possessing weapons and guns on several different occasions. He told a co-worker who was an affiant that he was worried about the safety of his home collection. There's clearly a nexus and a connection to his home. And here, unlike McCoy, unlike Lyons, we do not have that nexus. If we look at the apartment affidavit, all we have is that Mr. Pettis committed an offense, he was located in the common area, and officers advised that he may have been inside prior to their arrival. Now, I want to take that last statement first. Officers advised that he may have been inside. Judge Ladd found that statement meaningless. She said there were no specific facts or basis, and that it was conclusory. It's clear that Officer Lee knew that he needed to create a nexus in order to legally search Mr. Pettis' apartment. And that's what Judge Ladd later found in the affidavit. It's clear that he played little to no importance in the issuing judge's conclusion, but it offers no reasoning for that. And in fact, that reading is counterintuitive, as this statement by the officer, Pettis may have been inside of his apartment, is the only potential link to his apartment. Well, there was information that he was a resident of that apartment. He was arrested in the apartment affidavit. There's no information that he was apartment manager who confirmed that he lived there. Yes, we have that as well. So he was found, he was located in the common area of his complex. And as Judge Ladd noted regarding that statement, that does not link Pettis to his apartment. Nobody saw him entering or leaving his apartment. And in fact, as we later learned, Officer Bogues drove by the darkened complex. He saw a black due to distance and darkness. Pettis was later arrested away from the complex and Officer Bogues identified him on the basis of billed clothing and billed and clothing. Well, counsel, what about the Hammers case? I mean, you don't have really anything there. And my understanding, that's still the law. Sure. Hammers is distinguishable for a number of reasons. First, and most importantly, the Hammers case was decided in 1976, about 10 years before courts in Illinois started to use the sufficient nexus framework, which started to pop up in the mid-80s in appellate courts in Illinois. Moreover, there was absolutely no analysis in that case. It totaled one sentence. We do not know the Hammers court's reasoning or its rationale behind that decision. It was one sentence. And as the First District has held in several cases, it would be wrong to open up our citizens' doors on the commission of a crime and the affidavit from a law enforcement officer. This would nullify the rule of needing more than a bare bones affidavit, as the First District has most more recently said. Do you think the timing, the time of mourning, I guess you should say, plays a significant role in this case, as the state has asserted? I mean, what's the guy doing out at three, four in the morning, not far from his apartment after he just fired a weapon at someone? I don't think it does, because I think from, if we look at the cases more recently decided by courts in Illinois and this court in Lyons, there has to be a connection. There has to be a nexus to the residents. We do not have that. We have a connection to the common area, but not to his apartment. He was never seen entering. We do not have statements like in McCoy, where the defendant made comments about guns at his home. We don't have anyone stating that anyone ever saw a gun in his home. We just don't have that nexus to the home. We only have a nexus to the common area. Moreover, I think that because the Tahoe affidavit and the apartment affidavit, if they were presented at the same time, and this court considers both, the fact that they were presented at the same time actually weighs against the issuing judge finding a substantial basis. There were several glaring inconsistencies with both affidavits, which should have caused the issuing judge serious concern. The first, which was also addressed at the Lyon hearing, was the registration number. In the Tahoe affidavit, Officer Lee notes that Shalique Russell, who was the witness in this case, was unsure about the registration number. In the apartment affidavit, it reads as if she did not have any question as to the correctness of that. In the Tahoe affidavit, it is very clear that the offense happened at a different location from Mr. Pettis' residence. The apartment affidavit reads as if the offense happened near the parking lot where the apartment complex where Mr. Pettis resided was. Additionally, the Tahoe affidavit notes that Tahoe keys were found in Mr. Pettis' pants pockets, which indicates that he was searched and presumably arrested. There is none of that information in the apartment affidavit. These are serious inconsistencies and they weigh strongly against Officer Lee's credibility and that should have been apparent to the issuing judge when deciding whether or not to issue a search warrant in this case. And so, are you taking the position that it is entirely appropriate for us to consider the information in both of the requests for warrants and the affidavits in making a decision in this matter? I believe this court may do that. There was a Fifth District case from 2003, People v. Hughes, which I cited in my brief, that said an issuing judge may go outside the four corners of the document in order to obtain additional facts. And it's also clear from the record that besides these two affidavits, Officer Lee did not present any additional information to the court. He made that clear in the liaison hearing. So, you believe it's appropriate for us to consider both of the affidavits? Yes, and I believe both of the affidavits together weigh strongly against the officer's credibility, which is implicit in the circumstances, and weigh strongly against the issuing judge finding a substantial basis to issue the search warrant. Judge Ladd stated when deciding this first issue that there needs to be some reasonable belief that the items of the evidence of the crime would be in the place being sought. Some other piece of evidence that would tie up the belief, a reasonable inference or basis to believe that the instrumentality or evidence of the crime would be found. Judge Ladd made clear that she had never before in her career suppressed a search. Never. And she also stated that she was well aware of the preference to be accorded to search warrants, and the interpretations to find them valid. But she stated that she could not uphold a warrant where probable cause did not exist. Moving to argument two, which is the Leon hearing. After a trial court finds that a affidavit and warrant was not supported by probable cause, the next step is to determine whether that evidence should be excluded. The state has the burden to prove that the good faith exception applies, and Judge Ladd's factual findings of the Leon hearing are deferred to, unless they are against the manifest weight of the evidence. Evidence exclusion is required where it would deter future constitutional violations. The United States Supreme Court and people in United States v. Leon noted one such instance, where an issuing judge was misled by information the affidavit knew was false, or would have known was false, except for his reckless disregard for the truth. In Leon, the Supreme Court stated that another way, whether the officer was dishonest or reckless in preparing the affidavit. And Judge Ladd found that Officer Lee was at the least dishonest, and at most intentionally misled the issuing judge in this situation. She relied on three issues with his warrant. The first was the previously mentioned registration number. The fact that Officer Lee did not include Chalik Russell's misunderstanding, or the fact that she did not have the knowledge of the correct numbers. Judge Ladd found that Officer Lee did more than leave out Russell's falsehood. Judge Ladd found that this was a deliberate choice to rephrase something in clearly an attempt to mislead the magistrate. Judge Ladd also looked at the terminology, the located. Mr. Pettis was located in the common area of his apartment complex. She noted that, and found the police did not locate him, they observed him. She said that he was compressing something that's not quite definitive. The court also felt that this stopped and apprehended, especially when all the other material about how Pettis was stopped was left out. And what Judge Ladd took most concern with was the statement that officers advised that Mr. Pettis may have been inside of his apartment. Again, she found this conclusory and meaningless. She stated that, if a search warrant like that was presented to me, I would hope I would have the good sense to say, what does that mean? Because what it is, is an attempt to sound like Pettis was in the apartment. Because the officers needed a nexus to the apartment to make it legally sufficient to search. She stated that, I believe it's being phrased very carefully to try and create some suggestion that he was in his apartment. She found that means absolutely nothing, has no basis, and was carefully phrased to create conclusions that are not factual. Here, suppression is appropriate. Judge Ladd made these findings at the trial court that Officer Lee at least recklessly, if not intentionally, misled the issuing judge. If there are no further questions, this court should affirm Judge Ladd's ruling that the apartment warrant lacked probable cause and suppress the evidence under Leon. In the alternative, if this court does find that there was probable cause, it must remand for a hearing on that outstanding Frank's motion and grant Mr. Pettis' motion to strike. All right. Thank you, Mr. Wessel. Ms. Shepard. Where to start? One issue about that, Your Honor, Justice Holder, what you were referring to about the court should do with how this case progressed in the trial court. It's on 906 Northeast 2nd 153 of Bryant, where this court said that Judge Fahey should not have progressed with the Frank's hearing. And then, of course, he went on and did the Leon good faith hearing. And then this court said, and actually found itself that defendants' allegations in this case fall far short of the standard for establishing entitlement to a Frank's hearing. But counsel, my question was, if we do send it back for a Frank's hearing, what's the procedure? Is it just a review of the pleadings, or is it an opportunity to present evidence, present witnesses on that showing that has to be made to entitle you to a Frank's hearing? When you have to make that showing, then you get the hearings, just not automatically a hearing. If I'm understanding you correctly, it sounds like in order to do that, this court would have to find that he was entitled to a Frank's hearing, which can be done, of course, as it would be in the trial court based on the pleadings that his motion for a Frank's hearing. And so if you found that that was sufficient, of course, we argued that it wasn't, then the question, as you say, becomes, you know, what do we do with the findings that Judge Blatt made? Do we remand it for, I don't know, we're kind of, Bryant doesn't address that because Bryant and Bryant, this court found that he wasn't entitled to a Frank's hearing. So do we rob the defendant of the opportunity to make that showing? The state's position would not, but would be that he's not robbed of that, making that showing, because as we argued, the standards are essentially the same. He presented evidence. The only difference would be as to whose burden it is to establish. Of course, the state's burden to show the Frank's file. So I don't think that there would be any deprivation because this was all gone into in the trial court. They had a hearing on these, and it was the same issue. The same issues were presented, and there's no showing that there was something else that might of course, as Bryant holds, the issue before this court is the same as the issue that was before Judge Ladd as to probable cause. Were the facts sufficient to establish probable cause? And we give deference to the issuing judge's decision. However, the facts that were before Judge Klaus were in the affidavits. There was no additional testimony. There was no credibility finding at, as to any evidence that was presented in probable cause finding. So this court can look at that, and it should not be overly concerned with what Judge Ladd found. The law hasn't changed. There is no new nexus requirement. Lyons does not signify that. The fact that both affidavits contain different information, defendant agrees that we should look at both affidavits as we should because both of them were before the issuing judge. And the fact that they didn't have exactly the same information is irrelevant. And to the extent it would be relevant to anything, it would be, Judge Ladd found it was relevant because supposedly it showed that Officer Lee was trying to mislead the judge, but of course if that's the case, why would he put the information in the Tahoe affidavit that he didn't put? I mean, the evidence was all before Judge Klaus. There was no attempt to mislead. There was no need to see the defendant entering or exiting the apartment. Bryant again says we look at what the officers did, not what they didn't do. There's no authority for saying that they should have waited around and to see what he was going to do. And of course, that's beside the point of whether there was probable cause to believe that he had deposited the gun in his apartment, which we're saying the facts did show there's a reasonable probability that he did. I guess that I would otherwise rely on the State's briefs and our arguments in them and ask that you reverse. All right. Thank you, counsel. Thank you both. The case will be taken under advisement in a written decision ballot.